UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAMELA PATEL,**

    **Plaintiff,**

v.                                           **Case No. 8:24-cv-1886-WFJ-AAS**

**BAYCARE HEALTH SYSTEM, INC.,**

    **Defendant.**
_____/

## ORDER

The defendant BayCare Health System, Inc., (BayCare) requests the court grant leave to allow substitute service of the subpoena for the deposition of Falgoon Patel (the plaintiff's husband) by email and by leaving a copy at his residence. (Doc. 49). BayCare also moves to compel Mr. Patel to appear at the deposition. (*Id.*). The plaintiff's counsel opposes the motion.

Falgoon Patel, a non-party witness disclosed by the plaintiff, moved to quash the subpoena, for a protective order "arising from unsafe and improper service attempts," for sanctions under Rule 45(d)(1), for the court to deny BayCare's motion for substitute service, for the court to consider whether BayCare's counsel violated Rule 11(b), and to refer BayCare's counsel and the process server to their respective professional disciplinary authorities. (Doc.

1

50). Mr. Patel's motion is construed as a response to BayCare's motion (Doc. 49) for substitute service of the subpoena and to compel the deposition of Mr. Patel. BayCare responded in opposition to Mr. Patel's motion. (Doc. 51). In the response, BayCare requests any testimony from Mr. Patel to be excluded from the record. (Doc. 51, p. 9).

## I.   BACKGROUND

On September 26, 2025, BayCare requested the availability of Mr. Patel to schedule a deposition. (Doc. 46-2, p. 1). After communications between the parties, on October 15, 2025, BayCare sent Ms. Patel's counsel (the deponent's wife's counsel) a Notice of Deposition of Falgoon Patel for an in-person deposition to occur on October 30, 2025. The day before the deposition, Mr. Patel emailed BayCare that he objected to the Notice of Deposition because he had not been properly served or subpoenaed. (Doc. 46-7). Consequently, on November 3, 2025, the court extended the discovery period to November 20, 2025, for the limited purpose of deposing Falgoon Patel. (Doc. 48).

On November 5, 2025, BayCare issued a subpoena to Mr. Patel to appear for deposition on November 19, 2025, at 1:30 p.m. (Doc. 49, p. 2). BayCare attempted personal service four times to no avail. (*Id.*). On November 10, 2025, BayCare emailed Mr. Patel a letter about its attempts to serve him and schedule his deposition. (Doc. 49, p. 3). BayCare sent the email to the same

email address that Mr. Patel used to object his deposition. (*Id.*). Now Mr. Patel moves to quash the subpoena and for sanctions. (Doc. 50).

## II. ANALYSIS

Under Federal Rule of Civil Procedure 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person." "While personal service typically occurs, courts do not require personal service but require service reasonably calculated to ensure receipt of the subpoena by the witness." *Reiterman v. Abid*, No. 8:19-CV-2282-T-02AAS, 2019 WL 6114945 at *1 (M.D. Fla. Nov. 18, 2019); *see Saadi v. Maroun*, No. 8:07-CV-1976-SCB-JSS, 2021 WL 8650800 at *1 (M.D. Fla. Mar. 22, 2021) ("The majority of district courts in the Eleventh Circuit have concluded that personal service of a subpoena is not required by Rule 45."). Courts may issue orders permitting alternative means of service. *See Saadi,* 2021 WL 8650800 at *1 ("a party may nevertheless preemptively seek an order permitting alternative means of service"). In addition, courts have found service by e-mail is "reasonably calculated" to reach the witness. *Id.* at *3 (citing *Rainey v. Taylor*, No. 18-24802-MC, 2019 WL 1922000 at *3 (S.D. Fla. Apr. 30, 2019) (finding serving the subpoena by email was reasonably calculated to ensure receipt of the subpoena)).

BayCare's request to serve the deposition subpoena on Mr. Patel by email is reasonably calculated to ensure its receipt because Mr. Patel

3

previously communicated with BayCare through email to object to the deposition.

Accordingly, BayCare's motion for substitute service and to compel Mr. Patel to attend the deposition (Doc. 49) is **GRANTED**. BayCare is permitted to serve a new subpoena upon Mr. Patel to compel his deposition attendance by emailing the subpoena to him at email address falgoonit@gmail.com. The discovery deadline is extended to **December 30, 2025,** for the limited purpose of deposing Falgoon Patel. The dispositive motion deadline is extended to **January 23, 2026**.

The parties must confer to find an agreeable date for Mr. Patel's deposition to occur on or before the December 30, 2025 deadline. **If** the parties cannot agree on the deposition date, time, and location, **then** the deposition will occur on **December 19, 2025, at 9:00 a.m.** in a conference room adjacent to Courtroom 10B of the Sam Gibbons Courthouse, 801 N. Florida Avenue, Tampa, FL 33602 (the parties will need to contact the undersigned's chambers to coordinate the logistics of the deposition in the courthouse).

BayCare's request to strike Mr. Patel's testimony (Doc. 51, p. 9) is **DENIED** without prejudice. If Mr. Patel does not appear for the rescheduled deposition, BayCare may move for appropriate sanctions. Mr. Patel's motion (Doc. 50) is **DENIED** for the reasons stated in BayCare's response (Doc. 51).

A copy of this order will be emailed to Mr. Patel.

**ORDERED** in Tampa, Florida on December 5, 2025.

*[Signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge